UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JARED J. RAYMOND,

        Plaintiff,

  v.                                            Case No. 12-C-1268

COATING EXCELLENCE INTERNATIONAL LLC
LIFE AND DISABILITY PLAN, et al,

        Defendants.

## ORDER OF CLARIFICATION

       This is an ERISA action in which Plaintiff claims he was wrongfully denied benefits under a long-term disability insurance plan maintained by his employer. At the scheduling conference on the case, the court discussed with the parties the standard of review and the schedule for dispositive motions. The court's recollection is that the parties agreed that the ERISA Plan had retained discretion over the approval of claims. Thus, the court assumed that, in order to prevail, the plaintiff would have to establish that the administrative decision was arbitrary and capricious. *See Tompkins v. Central Laborers' Pension Fund*, 712 F.3d 995, 999-1000 (7th Cir. 2013).

       Moreover, since the court's review would be limited to the administrative record, it appeared reasonable to order a schedule like those in social security disability cases. In such cases, the claimant is required to file a brief first explaining why the decision of the Administrative Judge (ALJ) should be reversed. This is because it is the claimant's burden in such cases to show that the ALJ's decision is not supported by substantial evidence or is contrary to law. In fact, the respondent

typically has no idea what the issues are until after the claimant has filed his or her brief. The same would appear to be the case here. Assuming the Plan retained discretion to decide claims, Plaintiff has the burden of proving that the Plan's denial of his claim was arbitrary and capricious. The Plan presumably does not know the reason, or at least all of the reasons, why the Plaintiff contends the decision should be overturned. It makes no sense to require the Plan to file a brief explaining why its decision should be upheld before it knows why Plaintiff thinks it should be overturned. The Plaintiff should therefore put forward his argument first, and the Plan can then respond.

This reasoning was apparently not conveyed adequately during the scheduling conference or in the order entered thereafter. Accordingly, by way of clarification, Plaintiff is required to file a dispositive motion first, Defendant must respond and Plaintiff may then reply. The Scheduling Order includes a dispositive motion deadline of August 13, 2013. If, because of the confusion, an extension is necessary, the parties should consult with one another and notify the court if they are able to agree on an extension. If they are unable to agree, the parties shall advise the court of their respective positions on or before August 13, 2013, and the court will decide the issue.

**SO ORDERED** this   7th   day of August, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court - WIED

2

Case 1:12-cv-01268-WCG    Filed 08/07/13   Page 2 of 2   Document 22